**Lonnie Lee PEACOCK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–90–121–CR.**

Court of Appeals of Texas, Austin.

Nov. 6, 1991.

Ross G. Lavin, Jr., Eddie G. Shell & Associates, Burnet, for appellant.

Sam Oatman, Dist. Atty., Robert Malcolm, Asst. Dist. Atty., Llano, for appellee.

Before CARROLL, C.J., and ABOUSSIE and KIDD, JJ.

KIDD, Justice.

Appellant, Lonnie Lee Peacock, after a jury trial, was convicted in district court of aggravated sexual assault of a child. Tex. Pen.Code Ann. § 22.021 (1989). The jury assessed punishment at thirty years confinement in the Texas Department of Criminal Justice and a five-thousand-dollar fine. We will affirm the conviction.

The offense for which appellant was convicted took place on June 16, 1988. The victim, Amy L., was six years old at the time. Amy and her mother spent the day visiting her grandmother and the appellant, her step-grandfather. At appellant's request, Amy's father allowed her to stay over that night. The next day, after appellant brought her home, Amy told her father that appellant had, several times, touched her in her privates. Appellant was arrested and taken into custody. While in custody, appellant gave an oral statement which was transcribed and subsequently signed by him. In this statement, appellant confessed to the acts alleged against appellant by the victim and confirmed by her father in the first-outcry statement. At trial, appellant moved to suppress his confession as a product of coercion, police pressure, and promises of leniency, and therefore, not voluntary. Despite objection, the confession was admitted along with testimony from the victim and her family. A jury found appellant guilty.

## DISCUSSION AND HOLDING

Appellant brings forth three points of error from the trial court. Point of error one contends the trial court erred by not granting appellant's Motion to Suppress Written Confession. Points of error two and three contend the trial court erred in not granting a motion for a directed verdict based on the State's alleged failure to prove penetration of the sexual organ of the victim by the appellant, a necessary element of the offense charged.

### 1. Requirements of a Voluntary Confession

The Fifth and Fourteenth Amendments to the United States Constitution protect against compelled self-incrimination in criminal proceedings and require due process. Pursuant to these constitutional protections, the accused, prior to making a confession, must be advised of his constitutional and statutory rights and must knowingly waive those rights. Tex.Code Crim. Proc.Ann. art. 38.22, §§ 1 and 2 (1979).

■ These constitutional requirements have also established certain procedural protections for the use of confessions at trial. If the criminal defendant challenges the voluntariness of a confession, a court is required to determine the issue prior to allowing the confession before the jury responsible for finding guilt or innocence. *Jackson v. Denno*, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964). At that separate hearing, the voluntariness of a confession is to be determined by examining the facts and circumstances of the particular case. *North Carolina v. Butler*, 441 U.S.

369, 374, 99 S.Ct. 1755, 1757, 60 L.Ed.2d 286 (1979).

In the cause before us, the trial court held such a hearing outside the presence of the jury as required and determined the confession was voluntary. We are asked to review that determination. Since all circumstances surrounding the confession are to be considered in determining voluntariness, the entire record is subject to review on this issue. *Barton v. State,* 605 S.W.2d 605, 607 (Tex.Crim.App. 1980); *Port v. State,* 798 S.W.2d 839, 842 (Tex.App.1990, pet. ref'd). However, the trial judge, as fact finder at the hearing, is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. *Port,* 798 S.W.2d at 842. The standard of review to be applied by this Court is the abuse-of-discretion standard. *Sosa v. State,* 769 S.W.2d 909, 915 (Tex. Crim.App.1989).

We will look at the circumstances surrounding the statement as presented at the *Jackson v. Denno* hearing. Deputy Beierle testified that appellant initiated the request to talk to him. Beierle read appellant his *Miranda* rights and suggested that appellant consider his decision during lunch. Beierle testified that, after lunch, appellant indicated that he still wished to make a statement. Beierle read the Waiver of Rights form to the appellant, who indicated he understood it and signed it. Beierle says he then read appellant's *Miranda* rights to him once again before taking the statement. The typist who transcribed the statement testified she was present at all times and corroborated Beierle's testimony. She also testified she took down the statement as it was given, read it back, and received no corrections from the appellant, who then signed it. Both these witnesses denied there were any threats or promises made in connection with the statement.

Appellant's testimony contradicted the State's evidence on many points. Principally, appellant asserted that he did not understand the rights that were read to him; he merely pretended to understand in order not to appear stupid. He claims he signed the statement, prepared by the police, because they promised he would get only ten years probation instead of a possible ninety-nine years or life. Appellant testified that the words used in the statement were not his own, and he did not know what they meant. The defense also tried to put on evidence of appellant's inability to read, by presenting testimony that he had attempted to take a reading course through the local library.

The mere fact that appellant is uneducated and illiterate does not mean that he does not understand the nature of the rights he is waiving and cannot voluntarily give a confession. *See Combs v. State,* 643 S.W.2d 709 (Tex.Crim.App.1982); *White v. State,* 591 S.W.2d 851, 859 (Tex.Crim.App. 1979). *See also Bell v. State,* 582 S.W.2d 800 (Tex.Crim.App.1979), *cert. denied,* 453 U.S. 913, 101 S.Ct. 3145, 69 L.Ed.2d 995 (1981), *rehr'g denied,* 453 U.S. 927, 102 S.Ct. 889, 69 L.Ed.2d 1022 (1981).

In this cause the trial court weighed the evidence and apparently found the State's witnesses credible and persuasive. We find that this record provides a reasonable basis for the trial court's decision. Appellant's point of error, in essence, contends that the trial judge should have believed the appellant's evidence over that of the State. However, issues of the credibility of the witnesses and the weight to be given their testimony are matters best left to the trial court. *See Port,* 798 S.W.2d at 842. *See also Sosa,* 769 S.W.2d at 915.

This Court finds no abuse of discretion in the trial court's decision to overrule appellant's Motion to Suppress and to admit the signed confession. We overrule appellant's point of error one.

2. *Sufficiency of Evidence of Penetration*

In order for there to be a conviction, the State must prove every necessary element of the alleged offense. The elements of aggravated sexual assault relevant to this cause are: a person; knowingly or intentionally; causes penetration of the female sexual organ of another, by any

means, without that person's consent; and the victim is younger than 14 years of age. Tex.Penal Code Ann. § 22.021 (1989). Thus, in a sexual assault case, the state must prove actual penetration. *Johnson v. State*, 449 S.W.2d 65, 68 (Tex.Crim.App. 1969). Appellant claims the state failed to do so. We disagree.

█ We find sufficient evidence of penetration to support that element of the offense. In the appellant's own confession, appellant states: "I may have penetrated her privates with my finger about ½ inch." Even apart from the appellant's confession, there is additional evidence of penetration. The testimony of the doctor was that the alarming and abnormal amount of stretch in the vaginal opening of the victim could only have been caused by penetration by some object. The victim testified that appellant touched her *"in* her private" [sic] and that *"it hurt."* This testimony combined with that of the doctor constitutes sufficient evidence that a rational trier of fact could find the element of penetration beyond a reasonable doubt.

The *Villalon*[1] case relied upon by appellant is inapposite in that it deals with a situation in which the victim never testified directly to actual penetration. However, even the court of appeals in that case remarked that a victim's use of the word "in" would be enough evidence to establish penetration. *Villalon*, 739 S.W.2d at 452. Here the victim's testimony from the witness stand used the word "in" when describing the conduct of the appellant. Further, the Court of Criminal Appeals in reversing *Villalon* held it was error to disregard the victim's testimony merely because it lacked technical specificity in describing penetration. *Villalon*, 791 S.W.2d at 134. The Court of Criminal Appeals also set forth the standard to be used in judging the sufficiency of testimony by a child victim:

> [W]e cannot expect the child victims of violent crimes to testify with the same clarity and ability as is expected of ma-

ture and capable adults. To expect such testimonial capabilities of children would be to condone, if not encourage, the searching out of children to be the victims of crimes such as the instant offense in order to evade successful prosecution.

*Id.* Based upon the holding in *Villalon*, Amy L.'s testimony constitutes direct evidence of penetration.

█ Appellant contends that the evidence is insufficient for conviction because his extrajudicial confession, unless corroborated, cannot support the necessary elements for conviction. *Adrian v. State*, 587 S.W.2d 733 (Tex.Crim.App.1979). However, this cause is not controlled by *Adrian* for several reasons. First, there is corroborating direct evidence of penetration from the victim. Second, the testimony of the doctor that the examination of Amy L. revealed physical signs of penetration is evidence corroborating the appellant's confession. *Adrian* was a case in which the State failed to put on *any* other direct or circumstantial evidence of a crime being committed. Where there is evidence to corroborate a confession, the confession can be used to establish the necessary elements of the offense. *Wooldridge v. State*, 653 S.W.2d 811, 816 (Tex.Crim.App.1983) and cases cited therein.

The proper standard for appellate review is to view the evidence in the light most favorable to the verdict. *Houston v. State*, 663 S.W.2d 455, 456 (Tex.Crim.App.1984). Applying this standard of review, we find that there is sufficient evidence for a jury finding of penetration to support the appellant's conviction for aggravated sexual assault on a child under Tex.Pen.Code Ann. § 22.021 (1989). Points of error two and three are overruled.

The district court's judgment of conviction is affirmed.

---

1. The appellant cites us to the court of appeals opinion, *Villalon v. State*, 739 S.W.2d 450 (Tex. App.1987); however, this case was reversed on appeal. *See Villalon v. State*, 791 S.W.2d 130 (Tex.Crim.App.1990).