TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-02-00259-CR






Tammy Balderrama, Appellant


v.


The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT

NO. 9014165, HONORABLE JON WISSER, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N




 A jury convicted Tammy Balderrama of theft by a public servant. See Tex. Pen. Code
Ann. § 31.03 (West 2003). For this third-degree felony, the district court sentenced Balderrama to
ten years in prison, probated for ten years. By three points of error, Balderrama contends that the
trial was tainted by the mention of polygraph examinations and that her confessions were
involuntary. We will affirm the judgment.

 On March 5, 1999, a bag of cash and check deposits disappeared from the Texas
Department of Public Safety office in which Balderrama worked along with several other employees.
Although there was a surveillance camera in the area where the theft occurred, there is no video of
the theft because the camera was disabled the night before the theft during an upgrade of the
surveillance system. Corporal Stuart Baumsch, who was in charge of the surveillance system,
testified that he incidentally disabled the camera by removing its lens while the camera was
operating, causing a chip to burn out. Balderrama's theory was that Baumsch stole the bag. The
stolen items were never found.

 The investigation of the theft involved questionnaires, interviews, and polygraph
examinations. Baumsch took a polygraph examination that proved inconclusive. (1) On March 15-16,
1999, Balderrama made a series of progressively more self-incriminating signed statements to Texas
Ranger Lieutenant Ray Coffman. All four statements began with assertions that she initially took
the bag to prove her and Baumsch's complaints about the laxness of office security. In the first
statement, she alleged that the bag disappeared from the place she put it for safekeeping, but by the
end of the fourth statement, she confessed that she took and spent all of the $9,600 cash.

 This appeal arises from rulings about evidence of Balderrama's statements and
polygraph examinations. Balderrama moved to suppress her signed statements, claiming that they
were not voluntarily given; the court denied this motion. Despite granting a motion in limine
prohibiting any reference to polygraph examinations, the court denied Balderrama's motion for
mistrial after a second witness mentioned polygraph examinations.

 By her first point of error, Balderrama complains that the court erred by failing to give
a jury instruction to disregard testimony by Texas Ranger Lieutenant James Denman that Baumsch
"was polygraphed." Evidence about polygraph examinations is not admissible in Texas because the
results are too unreliable to be probative. Crawford v. State, 617 S.W.2d 925, 930 (Tex. Crim. App.
1981). Failure to make a timely objection or request an instruction to disregard waives the error
unless the error is so prejudicial that an instruction to disregard could not have cured the error. 
Norris v. State, 902 S.W.2d 428, 442 (Tex. Crim. App. 1995); see Janecka v. State, 823 S.W.2d 232,
243-44 (Tex. Crim. App. 1990); Cuellar v. State, 943 S.W.2d 487, 489 (Tex. App.--Corpus Christi
1996, pet. ref'd). Whether an instruction is sufficient to cure the harm depends upon whether the
question and answer inferentially revealed to the jury the result of a witness's polygraph
examination. See Sparks v. State, 820 S.W.2d 924, 927-28 (Tex. App.--Austin 1991, no pet.). The
reviewing court also scrutinizes whether there was an apparent design to elicit the information about
the polygraph examination. Id. at 927. We may also consider the remainder of the evidence to
determine whether the evidence about polygraph examinations contributed to the conviction. Id. at
929-30.

 We find no reversible error. Balderrama did not object to Denman's testimony or
request that the jury be instructed to disregard his testimony, so the error must be egregious to merit
reversal. See Norris, 902 S.W.2d at 428. The testimony was not intentionally elicited; Denman's
testimony came in response to defense counsel's question, "How many statements did you take from
Corporal Baumsch?" Denman responded, "I believe I took--I visited with him and took an--oral
statement, and I took a written statement from him. And he was polygraphed." Balderrama argues
that the testimony was particularly prejudicial because it implied that Baumsch, an alternate suspect,
took and passed a polygraph examination. We do not find any implication regarding the result of
the polygraph examination. The jury could just as easily have assumed that Baumsch failed the
examination and was being prosecuted separately. An instruction to disregard could have cured any
harm. Therefore, the failure to request an instruction waived error. We overrule point one.

 By point two, Balderrama contends that the court erred by denying her motion for
mistrial when Denman testified that Baumsch took a polygraph. A mistrial is required only when
the testimony is clearly prejudicial to the defendant and is of such character as to suggest the
impossibility of withdrawing the impression produced on the minds of the jurors. See Ladd v. State,
3 S.W.3d 547, 567 (Tex. Crim. App. 1999). We review the denial of a motion for mistrial under an
abuse of discretion standard. Id. Balderrama requested a mistrial, not when Denman testified, but
later when Baumsch himself mentioned taking a polygraph. As with Denman's mention of the
polygraph, Baumsch's remark occurred during defense cross-examination. Defense counsel asked
Baumsch, "Did you ever have another interview with Mr. Moore?" Baumsch replied, "Gordon? Is
that the polygraph? Who is Mr. Moore?" At that point, defense counsel approached the bench and
requested a mistrial, arguing that Baumsch's comment implied that Baumsch passed the polygraph
examination.

 We find no reversible error. Defense counsel did not intentionally elicit the testimony
about the polygraph examination. Neither Denman nor Baumsch testified about whether Baumsch
agreed to take the examination. Neither witness testified about the result of the test, nor did they
state or imply that Baumsch was cleared as a result of an investigation that included a polygraph
examination. Balderrama did not request an instruction to disregard; in our view, an instruction to
disregard would have cured any harm from Baumsch's query about the polygraph examination. We
conclude that Baumsch's mention of the polygraph did not contribute to Balderrama's conviction.

 Finally, Balderrama challenges the voluntariness of her statements. A confession is
involuntary or coerced if the totality of the circumstances demonstrates that the confessor did not
make the decision to confess of her own free will. Green v. State, 934 S.W.2d 92, 99 (Tex. Crim.
App. 1996). The focus is on whether the behavior of the State's law enforcement officials was such
as to overbear the will of the accused and bring about a confession not freely determined. Id. at 99-100. We review a trial court's determination of the voluntariness of a confession for an abuse of
discretion. Peacock v. State, 819 S.W.2d 233, 235 (Tex. App.--Austin 1991, no pet.). The trial
judge, as fact finder at the hearing, is the exclusive judge of the credibility of the witnesses and the
weight to be given their testimony. Id.

 Balderrama contends that her statements were involuntary because of pressure and
promises by the investigating officers. She gave the statements inside DPS headquarters outside the
presence of her retained counsel. She testified that Ranger Coffman told her that she would be
imprisoned for twenty years, and that the youngest of her three children would be twenty-two years
old when she emerged from prison. He told her that the custody of the children would be awarded
to the State and that they would likely be separated. He told her that if she cooperated, the State
would let her resign, would not press charges, and would not seek removal of her children. Her
statements reflect her fear of losing her children, losing her job, and going to prison.

 The trial court did not abuse its discretion by denying the motion to suppress because
evidence conflicted with Balderrama's version of events. In each of the statements, Balderrama
states that she is giving a voluntary statement and waives in writing her rights to have an attorney
present and to remain silent. Coffman acknowledged at trial telling her the range of punishment for
the offense, but denied threatening her with prosecution or promising her that she would not be
prosecuted if she cooperated. He denied telling her that she would be allowed to resign or that it
would not be on her record. He denied that anyone raised or discussed the issue of custody of her
children. The court apparently found Coffman more credible and determined that Balderrama
voluntarily gave the statements. We find no abuse of discretion in that determination.

 We overrule Balderrama's points of error and affirm the judgment.



 

 David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: June 19, 2003

Do Not Publish

1. The evidence of the results of Baumsch's polygraph test was elicited outside the presence
of the jury.