NO. 07-06-0089-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

NOVEMBER 6, 2007
_____

MATTHEW WAYNE BAILEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 47TH DISTRICT COURT OF RANDALL COUNTY;

NO. 16,601-A; HONORABLE HAL MINER, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**MEMORANDUM OPINION**

Appellant, Matthew Wayne Bailey, appeals from his conviction for one count of aggravated sexual assault and one count of indecency with a child and the sentences of 20 years incarceration on the aggravated sexual assault and five years incarceration on the indecency with a child, all periods of incarceration to be served in the Institutional Division of the Texas Department of Criminal Justice, and the sentences to be served consecutively. We affirm.

Background

On November 14, 2005, Fantasia Bailey, the mother of the minor victim and wife of appellant, noticed that the victim, her three year old daughter, was scratching and rubbing her genital area. Fantasia inquired why the victim was scratching and rubbing in that area and, ultimately, the victim advised that appellant had "stuck his finger in my butt."[1] Shortly thereafter, Fantasia took the victim to Northwest Texas Hospital for a rape exam by a sexual assault nurse examiner (SANE Nurse). During the exam, the victim again alleged that appellant had stuck his finger in her butt while pointing to the female sexual organ. The victim further relayed details of the event to the SANE Nurse. The examination did not reveal any signs of trauma suffered by the victim. Detective Brian Wallace of the Amarillo Police Department was sent to the hospital to begin taking information about the allegations of sexual abuse. Wallace spoke to Fantasia about the allegations.

Later that night, Wallace went to appellant's home to speak with him about the allegations. Upon arriving at appellant's home, Wallace noticed a vehicle arrive and three men exit the vehicle going toward the house. Because of the number of people at the house, Wallace called for assistance and two uniformed officers came to the residence. Wallace then went to the door of the house and asked to see appellant. When appellant came forward, Wallace advised him of the allegations and asked him to come to the police station to give a statement. Appellant agreed and rode to the police station in the squad car of the uniformed officers. Appellant gave a statement, after receiving his "Miranda"

---

[1]This is the term the victim used throughout the trial to describe both her genital and anal areas.

warnings.[2]  Appellant's statement tended to place the blame on the victim who appellant claimed was acting out sexually.

The day after the outcry, the victim was interviewed by April Lemming at the Bridge Children's Advocacy Center (The Bridge).  The victim again stated what had occurred and as a result of the interview, the victim was referred to a private therapist, Molly Rafferty. Rafferty began seeing the victim in November 2005 and continued to see her up through the trial date.

Appellant proceeded to trial on one count of aggravated sexual assault and six counts of indecency with a child.  The State subsequently waived the last count of indecency with a child.  The jury convicted on the aggravated sexual assault count and one count of indecency with a child while finding appellant not guilty of four other counts of indecency with a child.  Appellant brings six issues to this court which may all be classified as challenges to the legal and factual sufficiency of the evidence in three particular areas. Specifically, appellant questions whether the evidence was 1) sufficient to prove that penetration occurred; 2) sufficient to prove any acts occurred with the intent to arouse and gratify anyone sexually; or 3) sufficient to prove sexual contact.  We disagree with appellant.

---

[2]Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

## Standard of Review

Appellant contends that the evidence is both legally and factually insufficient to support his conviction for aggravated sexual assault and indecency with a child. When reviewing challenges to both the legal and factual sufficiency of the evidence to support the verdict, we first review the legal sufficiency challenge. See Clewis v. State, 922 S.W.2d 126, 133 (Tex.Crim.App. 1996). If the evidence is legally sufficient, we then review the factual sufficiency challenge. See id.

In assessing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Ross v. State, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004). In conducting a legal sufficiency review, an appellate court may not sit as a thirteenth juror, but rather must uphold the jury's verdict unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Crim.App. 1988).

When an appellant challenges the factual sufficiency of the evidence supporting his conviction, the reviewing court must determine whether, considering all the evidence in a neutral light, the jury was rationally justified in finding the appellant guilty beyond a reasonable doubt. See Watson v. State, 204 S.W.3d 404, 415 (Tex.Crim.App. 2006). In performing a factual sufficiency review, we must give deference to the fact finder's determinations if supported by evidence and may not order a new trial simply because we

4

may disagree with the verdict. See id. at 417. As an appellate court, we are not justified in ordering a new trial unless there is some objective basis in the record demonstrating that the great weight and preponderance of the evidence contradicts the jury's verdict. See id. Additionally, an appellate opinion addressing factual sufficiency must include a discussion of the most important evidence that appellant claims undermines the jury's verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

Aggravated Sexual Assault

Appellant's first issue concerns the offense of aggravated sexual assault. Appellant was indicted for the offense of aggravated sexual assault under section 22.021(a)(1)(B)(i)(2)(B) of the Texas Penal Code. The indictment alleged that appellant ". . . intentionally and knowingly caused the penetration of the female sexual organ of [the victim], a child younger than 14 years who was not the spouse. . ." of appellant. It is appellant's contention that the evidence supporting the State's case is legally and factually insufficient to prove the element of penetration.

Appellant is correct when he posits that in a sexual assault case, the State must prove actual penetration. Peacock v. State, 819 S.W.2d 233, 236 (Tex.App.–Austin 1991, no pet.). However, appellant further posits that the testimony of a 34 month old child without any medical evidence of physical trauma to the genital region is insufficient to prove penetration.

The record reflects that the victim testified but had difficulty in relating the alleged events during direct examination. Upon examination by the State, the victim stated she did

5

not want to say what the appellant did to her. Further, she testified that it made her nervous to say what he did. However, during direct examination the victim did affirm that what she had told "the lady" (Lemming) at The Bridge was the truth. Subsequently, during cross-examination, the following colloquy took place;

Q.    Hon, when you said that your daddy put his finger in you–
A.    (Witness makes noise.)
Q.    I'm sorry?
A.    Oh, I'm nervous.
Q.    I know I said it. Was this– was this on the couch?
A.    (Moving head up and down.)
Q.    Okay. Was it in the den?
A.    Huh-uh.
Q.    It wasn't in the den?
A.    The living room.

Additionally, the record further reveals that Lemming, from The Bridge testified about interviewing the victim. The DVD of the interview was admitted into evidence and played for the jury. This testimony included statements by the victim that her father had put his fingers in her butt. The victim's therapist, Molly Rafferty also testified. She testified that the victim told her about her father placing his finger in her butt.

The testimony of the victim was hesitant, imprecise and lacked the clarity that we would expect of an older and more mature witness. Villalon v. State, 791 S.W.2d 130, 134 (Tex.Crim.App. 1990). Texas courts have long recognized this problem in sexual assault cases involving young children. As a result, we give wide latitude to child victims of sexual

abuse. See id. We do not require that a child victim's testimony be corroborated by medical evidence. Sandoval v. State, 52 S.W.3d 851, 854 n.1 (Tex.App.–Houston [1st Dist.] 2001, pet. ref'd). In fact, the uncorroborated testimony of the child victim about penetration is clearly sufficient to sustain a conviction. TEX. CODE CRIM. PROC. ANN. art. 38.07 (Vernon Supp. 2001). However, in this case there is also the testimony of the other witnesses about the victim's recounting of the events. In each case, the witness recalled the victim relaying the same facts. It was up to the jury to hear this evidence and make a determination about the credibility of the child's testimony. Sosa v. State, 177 S.W.3d 227, 229 (Tex.App.–Houston [1st Dist.] 2005, no pet.). We will not set as a thirteenth juror and second guess the jury. Moreno, 755 S.W.2d at 867. Viewing the evidence in the light most favorable to the verdict, we cannot say that the jury's decision was irrational or supported by only a modicum of evidence. Id. Therefore, the evidence is legally sufficient.

Having reviewed the evidence in determining the question of legal sufficiency, it is apparent that, even when viewed in a neutral light, the evidence is likewise factually sufficient to support proof beyond a reasonable doubt on the element of penetration. Watson, 204 S.W.3d at 415. To hold otherwise would be to refuse to give the decision of the jury the kind of deference the same is due. Id. As to the most important evidence that appellant claims undermines the jury's verdict, it is nothing more than a statement that the medical evidence did not reflect any trauma and, therefore, there could have been no penetration. As stated above, the testimony of the child victim alone was sufficient to prove this issue beyond a reasonable doubt. TEX. CODE CRIM. PROC. ANN. art. 38.07 (Vernon Supp. 2001). Likewise, the SANE nurse testified about her experience in failing

7

to find trauma in every victim and what, if anything, that proved as to whether the incident occurred. The jury heard this evidence and evaluated the same, as was its duty and prerogative, and we must be deferential to the decision. Roberts v. State, 220 S.W.3d 521, 524 (Tex.Crim.App. 2007). Based upon this review, we cannot point to any objective fact that leads us to say that the jury's decision was against the great weight and preponderance of the evidence. Watson, 204 S.W.3d at 417. We overrule appellant's issue that the evidence was factually insufficient on the element of penetration.

Indecency With a Child

Next, appellant contends that the evidence is legally and factually insufficient to prove two different elements of the offense of indecency with a child. To prove a charge of indecency with a child, as indicted herein, the State must prove that there was sexual contact by appellant . . . with intent to arouse and gratify the sexual desire of any person. TEX. PENAL CODE ANN. § 21.11(a)(1)(Vernon Supp. 2001). First, appellant contends the evidence is insufficient to prove any alleged sexual contact with the child was done with the intent to arouse and gratify the sexual desire of any person. Second, appellant contends that there was insufficient evidence that there was any sexual contact with the victim. We will address both contentions.

Appellant's primary contention is that there was no evidence showing appellant's conduct, his remarks, and all the surrounding circumstances. McKenzie v. State, 617 S.W.2d 211, 216-17 (Tex.Crim.App.1981). Hence, appellant contends that the State did not prove the contact was sexual or with the intent to arouse or gratify anyone. The

8

evidence in this case consists of the testimony of the child that the touching and penetration took place on more than one occasion. The acts of appellant took place when the mother was at work and appellant was alone with the victim. The touching and penetration occurred in the living room while it was dark. Also, there was the testimony of the outcry witness, the statement on the DVD and the statements to the treating counselor to essentially the same facts. Additionally, there is the statement of the appellant where he admits that there may have been some touching but it was all due to the acts of the victim in acting out. The appellant also testified at trial that he may have touched the victim while putting some sort of medicine on her genital area. When all of this evidence is viewed together, a jury could come to the logical conclusion that appellant had in fact had sexual contact with the victim with the intent of arousing and gratifying his own sexual desires. Such a conclusion by the jury is not irrational and is supported by more than a modicum of evidence. Moreno, 755 S.W.2d at 867. Therefore, the evidence is legally sufficient on the elements of sexual contact and the intent to arouse or gratify the sexual desire of any person. Having determined that the evidence is legally sufficient on the elements, we now determine whether the evidence is factually sufficient on those same elements. Clewis, 922 S.W.2d at 133. Because the case involved contradictory testimony between appellant and the State's witnesses, the jury must determine the weight to give each witness's testimony. It is the jury's determination of this type of evidence that the appellate court is required to give deference to in order to avoid intruding upon the jury's role as the sole judge of the weight and credibility given to witness testimony. See Johnson v. State, 23 S.W.3d 1, 7 (Tex.Crim.App. 2000). Unless the available record clearly reveals a different result is appropriate, an appellate court must defer to the jury's

9

determination concerning what weight to give contradictory testimonial evidence because resolution often turns on an evaluation of credibility and demeanor of the witness when the testimony was given.  Id. at 8.  Viewing the evidence in a neutral light, while deferring to the jury's determination of weight and credibility, it is evident that the jury was rationally justified in finding the appellant guilty beyond a reasonable doubt on the elements of sexual contact and of the intent to arouse or gratify the sexual desire of any person.  Watson, 204 S.W.3d at 415.   Therefore, we overrule appellant's contentions.

Conclusion

Having overruled appellant's contentions, we affirm the judgment of the trial court.


Mackey K. Hancock
Justice


Do not publish.